IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MICHAEL NATHAN RICE,            )
                                )
        Plaintiff,              )
                                )
v.                              )    No. CIV-08-11-FHS
                                )
FOOD AND DRUG ADMINISTRATION,   )
                                )
        Defendant.              )

**OPINION AND ORDER**

Plaintiff, Michael Nathan Rice, has moved the Court for leave to proceed *in forma pauperis* on his complaint against the Food and Drug Administration ("FDA") for unspecified violations of his rights. Plaintiff requests relief in the form of $100,000,000 in damages "and a life-long prescription for Amoxicillin." Plaintiff has submitted his affidavit in support of his motion to proceed *in forma pauperis*. Having reviewed the motion and affidavit, the Court finds Plaintiff is entitled to proceed *in forma pauperis* in the prosecution of this action. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is therefore granted.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 19, 324 (1989). The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous or malicious. 28 U.S.C. §

1

1915(e)(2)(B)(i).  Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  Neitzke 490 U.S. at 324.

A court may dismiss an *in forma pauperis* suit if "it lacks an arguable basis either in law or in fact."  Id. at 325.  With respect to factual frivolousness, courts are authorized to dismiss such suits "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'  Jolly v. Klein, 923 F.Supp. 931, 942 (S.D. Tex. 1996)(quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  To sustain a dismissal for frivolousness the facts must "rise to the level of the irrational or the wholly incredible."  Jolly, 923 F.Supp. at 942.  Dismissal is not warranted "simply because the court finds the Plaintiff's allegations unlikely."  Id. at 942-43.

Plaintiff begins his Complaint by informing the Court that he began using cocaine in nursing school in 1997.  He alleges his cocaine odyssey continued with the police department of Frederick, Oklahoma, putting cocaine in his sugar and food. At some point, the Federal Indian Hospital in Lawton, Oklahoma, joined in his cocaine journey by prescribing cocaine to Plaintiff in the form of Amoxicillin.  Plaintiff alleges he took anti-psychotic drugs for ten years and that while he is no longer on such medication, he is "dependent on sniffing Amoxicillin."  In 2007, Plaintiff alleges the police came to his apartment after his mother informed them that he was suicidal.  Plaintiff attacked a police officer and went to jail as a result.  He now claims that "[s]uddenly Hollywood, Coke, Amoxicillin and crystal are back."  He contends the FDA "approves this medication [cocaine] and the US government regulates this kind of business."  Finally, he contends his life is "100%

2

better since [he] got off from the psyche drugs and back on the Amoxil and cocaine" and that he was "in hell for 10 long, miserable years."  He seeks 100,000,000 in damages "and a life-long prescription for Amoxicillin."

The Court concludes these allegations, as well as the balance of the allegations contained in Plaintiff's Complaint, authorize the Court to dismiss Plaintiff's Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  The Complaint is devoid of any factual data supporting a recognizable cause of action.  Plaintiff appears to be complaining about his inability to obtain Amoxicillin, which he contends contains cocaine!  No legal theory, civil rights or otherwise, can be gleaned from the rambling narrative presented by Plaintiff.  Moreover, the Complaint is deficient in that there is absolutely no linkage between the FDA and Plaintiff's perceived persecution or inability to obtain Amoxicillin (and cocaine).  In short, Plaintiff's conclusory and non-specific Complaint wholly fails to state what the FDA has done to violate any of Plaintiff's rights.  Whether these allegations are viewed as a whole or individually, Plaintiff's Complaint is "clearly baseless" in the sense that the allegations are fanciful, fantastic, and delusional.  Jolly, 923 F.Supp. 942.  Consequently, the Court is compelled to dismiss this action as frivolous as it lacks an arguable basis in fact and law.  Neitzke, 490 U.S. at 325 (an *in forma pauperis* suit may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact").

Based on the foregoing reasons, the Court finds Plaintiff's Complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and orders this action dismissed in its entirety.

It is so ordered this 16th day of January, 2008.

*[signature: Frank H. Seay]*
Frank H. Seay
United States District Judge
Eastern District of Oklahoma